1  EDWARD J. CASEY (SBN 119571)
   JAMES R. EVANS, JR. (SBN 119712)
2  ALEXANDER AKERMAN (SBN 280308)
   **ALSTON & BIRD LLP**
3  333 South Hope Street, 16th Floor
   Los Angeles, California 90071
4  Telephone:  (213) 576-1000
   Facsimile:   (213) 576-1100
5  Emails: Ed.Casey@alston.com
            James.Evans@alston.com
6           Alex.Akerman@alston.com

7  MICHAEL ZWEIBACK (SBN 143549)
   RACHEL L. FISET (SBN 240828)
8  **ZWEIBACK, FISET & COLEMAN LLP**
   523 W. Sixth Street
9  Los Angeles, CA 90014
10 Telephone:  (213) 266-5170
   Email:  Michael.Zweiback@zfclaw.com
11         Rachel.Fiset@zfclaw.com

12 Attorneys for Defendants
13 SOUTHERN CALIFORNIA EDISON COMPANY,
   SAN DIEGO GAS & ELECTRIC COMPANY,
14 SEMPRA ENERGY and HOLTEC INTERNATIONAL

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PUBLIC WATCHDOGS, a California 501(c)(3) corporation,<br><br>            Plaintiffs,<br><br>      v.<br><br>SOUTHERN CALIFORNIA EDISON COMPANY; SAN DIEGO GAS & ELECTRIC COMPANY; SEMPRA ENERGY; HOLTEC INTERNATIONAL, UNITED STATES NUCLEAR REGULATORY COMMISSION; and DOES 1 through 100,<br><br>            Defendants. | Case No.: 19-cv-1635-JLS (MSB)<br><br>(Hon. Janis L. Sammartino)<br><br>**OBJECTIONS TO REPLY IN SUPPORT OF AMENDED MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER; MOTION TO STRIKE REPLY OR, ALTERNATIVELY, REQUEST FOR LEAVE TO FILE SHORT SUR REPLY**<br><br>**[NO HEARING DATE SET]** |

## OBJECTIONS AND MOTION TO STRIKE

Defendants Southern California Edison Company, San Diego Gas & Electric Company, Sempra Energy and Holtec International (collectively "Defendants") respectfully object to, and move to strike, Plaintiff's Reply (the "Reply") [Dkt. 40] in Support of Amended Motion for Preliminary Injunction and Temporary Restraining Order (the "Amended Motion") because the Reply rests, in significant measure, upon the Amended Complaint [Dkt. 38]. Because the Amended Complaint was filed after the filing of Defendants' Opposition to the Motion, Defendants have not had an opportunity to respond to the allegations of the Amended Complaint or the arguments in the Reply that rest upon the newly filed allegations (discussed below). The Court should strike and disregard the Reply because it purports to rest upon the allegations of the Amended Complaint. Alternatively, Defendants request leave to file a short sur reply in support of their opposition to the Amended Motion.[1]

**I.   The Amended Complaint Was Not Filed Until After The Opposition To The Motion Thereby Depriving Defendants of an Opportunity To Respond To The Allegations Of The Amended Complaint Or The Argument in the Reply Based Upon those Allegations.**

Plaintiff filed its Amended Motion for Preliminary Injunction and Temporary Restraining Order on August 29, 2019. [Dkt. 5] Pursuant to the briefing schedule set by the Court, on September 20, 2019, Defendant Nuclear Regulatory Commission ("NRC") filed its opposition to the Amended Motion. [Dkt. 37]. On that same date, Defendants filed their opposition to the Amended Motion. [Dkt. 36].

Four days *after* it received the defendants' oppositions to the Amended Motion, Plaintiff unilaterally filed an Amended Complaint alleging a new cause of action under the Price-Anderson Act, and purportedly alleging "new facts" upon which Plaintiff rests its Amended Motion [Dkt. 38 (amended complaint) and Dkt. 40 (reply in support of amended motion)].

---

[1] Local Rule 7.1(h) restricts a reply brief to ten pages. Plaintiff's reply is 19 pages.

Plaintiff's Reply makes clear that its motion for provisional relief rests upon the allegations of the Amended Complaint—a document that was never provided to Defendants prior to the filing of their opposition to the Amended Motion: Indeed, at the very outset of its reply brief, Plaintiff states that "**In addition to relying on the Factual Summaries provided in the Amended Complaint** [Dkt. 38] and Amended Motion for Temporary Restraining Order [Dkt 5], Public Watchdogs makes the following observations in response…." [Dkt. 40, 5:23-26](emphasis added). The Plaintiff's Reply then proceeds to cite to the factual allegations in the Amended Complaint 11 times, and a number of those allegations were not made in the original Complaint on which the Amended Motion for injunctive relief was based. [*See e.g.* Dkt. 40,4:21-26 (citing September 16, 2019 update), 5:18-21 (discussing purported events that occurred during the pendency of the Amended Motion for Temporary Restraining Order); 6:15-22 (citing new allegations of purported incidents first raised in Amended Complaint as grounds for relief).]. Further, Plaintiff omits key information from new documents cited in its Reply, including information confirming that all of the SONGS fuel will be ready to be transported offsite by the year 2030, and not by the year 2100 as alleged by Plaintiff. [Dkt. 40, 9:7-15.].

In addition to relying on new factual allegations made in the Amended Complaint, the Reply also rests on new legal claims and conclusions asserted in the Amended Complaint. For example,

- "And while the Defendants characterize Public Watchdogs' APA claim narrowly (as a tardy challenge to the NRC's unilateral approval of the SONGS Defendants' request for a License Amendment), Public Watchdogs are also challenging the NRC's exemption decisions relating to SONGS (flowing from the License Amendment). Amended Complaint

¶¶ 102-108…" [*Id*. at 11:19-24];[2]

- "Thus, the Amended Complaint satisfies the injury-in-fact standard under Article III." [*Id*. at 14:25-26];
- "Here, the Amended Complaint asserts federal jurisdiction under the PAA in its Second Cause of Action, and the state law claims fall with the broad jurisdictional grant of the PAA. Accordingly, Defendants' attack on Public Watchdogs' nuisance and product liability claims must be rejected." [*Id*. at 16:22-25].[3]

## II. Plaintiff's Amended Motion Improperly Relies Upon The Allegations Of The Amended Complaint; The Reply Should Be Stricken

As a matter of due process, this Court should not consider new arguments or new evidence offered by Plaintiff in support of its Amended Motion. *See Provenz v. Miller,* 102 F.3d 1478, 1483 (9th Cir.1996*)* (holding, in the summary judgment context, that a district court must give the opposing party an opportunity to respond to new evidence presented in reply before it may consider such evidence)*; see also Weiland Sliding Doors & Windows, Inc. v. Panda Windows & Doors*, LLC, 2011 U.S. Dist. LEXIS 8985, at *6 (S.D. Cal. Jan. 31, 2011) ("In its reply, Plaintiff raises a new argument for striking Defendant's invalidity contentions. But the Court will not consider it because it was not made in the original motion and Defendant was not given an opportunity to oppose."); *Harrold v. Experian Info. Solutions, Inc*., 2012 U.S. Dist. LEXIS 133385, 2012 WL 4097708, at *4 n.2 (N.D. Cal. Sept. 17, 2012) (noting that "[s]andbagging

---

[2] Although Plaintiff now asserts a challenge to NRC decisions made after its approval of the 2015 License Amendment, Plaintiff never identifies those post-2015 decisions. [Dkt, 38, ¶102.].

[3] The SONGS Defendants and Holtec have filed Motions to Dismiss all of the causes of action alleged against them in the Amended Complaint, including the new claim under the Price-Anderson Act. [Dkt. 41(Holtec Motion to Dismiss FAC), Dkt. 42 (SONGS Defendants Motion to Dismiss FAC.)). For reasons discussed in the related Memorandums of Law (Dkt. 41-1 at §III.B.2, Dkt. 42-1 at §III.A.2) Plaintiff's new Price-Anderson Act claim is meritless and cannot be grounds for injunctive relief.

with a new legal theory in a reply brief will not be tolerated"). The *Provenz* rule applies to replies such as this one submitted in support of preliminary injunctions motions. *Iconix, Inc. v. Tokuda,* 457 F.Supp.2d 969, 976 (N.D. Cal. 2006) ("Because the rule of *Provenz* applies to preliminary injunction motions, the Court SUSTAINS Defendants' objection to the new evidence and argument in Plaintiff's Reply…").

The Court should strike the Reply because it relies heavily upon the Amended Complaint that was filed *after* the filing of Defendants' opposition to the Amended Motion. *See Docusign, Inc. v. Sertifi, Inc.,* 468 F. Supp. 2d 1305, 1307 (W.D. Wash. 2006) ("Docusign's Reply [in support of injunction] raises new evidence and argument regarding irreparable harm and claim construction. Docusign submits extensive supplemental declarations from both its founder and expert witness. These declarations address issues which should have been addressed in the opening brief, and the new evidence is inappropriate for Reply. Because the rule of *Provenz* applies to preliminary injunction motions, the Court SUSTAINS Defendants' objection to the new evidence and argument in Plaintiff's Reply…"); *Iconix*, 457 F. Supp. 2d at 976 (sustaining objection to new arguments and evidence raised in reply in support of motion for preliminary injunction); New arguments and evidence presented for the first time in a reply are waived. *See, e.g., United States v. Patterson*, 230 F.3d 1168, 1172 (9th Cir. 2000).

Because the Reply makes new legal arguments and rests upon the allegations of the Amended Complaint, the Reply should be stricken. Alternatively, Defendants request an opportunity to submit a short sur reply responding to the new allegations and

/ / /
/ / /
/ / /
/ / /
/ / /

1  arguments raised by Plaintiff, for the first time, on reply.

2

3  Dated: September 30, 2019

                                            Respectfully submitted,
                                            **ALSTON & BIRD LLP**

By: s/ Edward J. Casey
Edward J. Casey
Attorneys for Defendants
SOUTHERN CALIFORNIA EDISON
COMPANY, SEMPRA ENERGY, SAN
DIEGO GAS & ELECTRIC COMPANY
and HOLTEC INTERNATIONAL
E-mail: Ed.Casey@alston.com

5
DEFENDANTS' OBJECTIONS TO PLAINTIFF'S REPLY RE PRELIMINARY INJUNCTION, ETC.
CASE NO. 19-cv-1635-JLS (MSB)

LEGAL02/39275651v3