CHARLES G. LA BELLA (CSBN 183448)
charles.labella@btlaw.com
ERIC BESTE (CSBN 226089)
eric.beste@btlaw.com
ZACHARY P. HELLER (NYBN 5330154; CA Admission pending)
zachary.heller@btlaw.com
**BARNES & THORNBURG LLP**
655 West Broadway, Suite 900
San Diego, California 92101
Telephone:   619.321.5000
Facsimile:    619.284.3894

Attorneys for Plaintiff,
Public Watchdogs

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PUBLIC WATCHDOGS, a California 501(c)(3) corporation, <br><br> Plaintiff, <br><br> v. <br><br> SOUTHERN CALIFORNIA EDISON COMPANY; SAN DIEGO GAS & ELECTRIC COMPANY; SEMPRA ENERGY; HOLTEC INTERNATIONAL; UNITED STATES NUCLEAR REGULATORY COMMISSION; and DOES 1 through 100, <br><br> Defendants. | Case No.: 3:19-cv-01635-JLS-MSB <br><br> **RESPONSE IN PARTIAL OPPOSITION TO MOTION TO STRIKE REPLY OR REQUEST TO FILE SHORT SUR-REPLY** <br><br> Amended Complaint: September 24, 2019 <br> Judge: Hon. Janis L. Sammartino |

Defendants Southern California Edison Company, San Diego Gas & Electric Company, Sempra Energy, and Holtec International (collectively "Defendants") filed a motion requesting that this Court either: (1) strike Public Watchdogs' reply to their oppositions to the amended motion for temporary restraining order ("the Reply"); or (2) grant Defendants leave to file a sur-reply limited to responding to arguments raised in the Reply that are based on the First Amended Complaint. Public Watchdogs agrees that Defendants are entitled to file a sur-reply; indeed, had it been asked, Public Watchdogs would have agreed to a joint motion requesting such relief.  But there is no basis to strike the Reply—a pleading specifically permitted by this Court's prior briefing schedule.  Accordingly, this Court should deny Defendants' motion to strike, and grant them leave to file a sur-reply by October 7, 2019.

## FACTS

On September 24, 2019, pursuant to Fed. R. Civ. P. 15(a)(1), Public Watchdogs filed its First Amended Complaint.  [Dkt. 38.]  On September 27, 2019, as permitted by this Court's briefing schedule, Public Watchdogs replied to the Defendants' voluminous oppositions to the amended motion for injunctive relief. [Dkt. 40; *see also* Dkt. 18.]  In the Reply, Public Watchdogs relied in part upon new allegations and evidence contained in the Amended Complaint.  This reliance was necessary to address arguments raised in Defendants' responses.  On September 30, 2019, before even contacting counsel for Public Watchdogs to learn whether they would agree to a sur-reply, Defendants filed a motion to strike. [Dkt. 44.]

## ARGUMENT

Despite Defendants' protestations to the contrary, courts are not required to strike reply briefs that make new arguments.  Rather, the Ninth Circuit has held that "a district court may consider new evidence presented in a reply brief if the district court gives the adverse party an opportunity to respond."  *See, e.g.*, *El Pollo Loco,*

- 2 -

*Inc. v. Hasim*, 316 F. 3d 1032, 1040-41 (9th Cir. 2003).  It is particularly appropriate for district courts to consider new evidence raised in a reply where such evidence is necessary to "counter [a] potentially dispositive argument [that] would have effectively stripped [the party] of its right to argue against [the dispositive argument]."  *Id.* at 1040; *see also Iconix, Inc. v. Tokuda*, 457 F. Supp. 2d 969, 976 (N.D. Cal. 2006) (sustaining Defendants' objection to new evidence raised in a reply, but declining to strike the evidence and instead permitting supplemental briefing).

Here, the Court is well within its discretion to consider the new evidence cited in the Reply.  First, Defendant will have an opportunity to respond to the new evidence in a sur-reply.  As noted above, Public Watchdogs has no objection to Defendants' request for leave to file a limited sur-reply to address only those new arguments and evidence.  Second, Public Watchdogs relied upon new evidence in support of its temporary restraining order because it was necessary to respond to Defendants' potentially dispositive argument.  [*See* Dkt. 36 at 15-17, 22-23 (raising jurisdictional arguments based on Hobbs Act, and preemption under the Atomic Energy Act).]  Courts in the Ninth Circuit act well within their discretion when they consider new evidence and arguments to address such arguments. *See El Pollo Loco*, 316 F.3d at 1040.

//

//

//

//

//

//

//

//

//

- 3 -

## CONCLUSION

This Court should deny Defendants' motion to strike the Reply. Defendants should be given until October 7, 2019, to file a short sur-reply addressing any arguments raised in the Reply that are grounded in new allegations in the Amended Complaint.

Dated: October 3, 2019

Respectfully submitted,
**BARNES & THORNBURG LLP**

By:/s/ Charles G. La Bella
Charles G. La Bella
Attorneys for Plaintiff
Public Watchdogs

- 4 -